UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| TIMOTHY A. ECK, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:21-CV-397-TAV-DCP |
| | ) | 3:17-CR-91-TAV-DCP-18 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This action is before the Court on petitioner's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1].[1] The government responded [Doc. 3], and the motion is now ripe for resolution. Based on the record before the Court, it plainly appears that petitioner is not entitled to relief. Therefore, it is not necessary to hold an evidentiary hearing,[2] and petitioner's motion [Doc. 1] will be **DENIED**.

**I.      Background**[3]

Petitioner was charged in a superseding indictment with one count of conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846,

---

[1] Citations in this opinion refer to petitioner's civil case unless otherwise noted. *But see infra* note 3.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). Petitioners possess the ultimate burden to sustain their claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

[3] Citations in this Part refer to petitioner's criminal case unless otherwise noted.

841(a)(1), 841(b)(1)(A) [Doc. 18]. Petitioner pleaded guilty to the lesser included offense of conspiracy to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) 841(b)(1)(B) [Doc. 231 ¶ 1; Doc. 512 p. 1]. Petitioner's plea agreement indicated petitioner would be subject to an enhanced statutory minimum penalty of 10 years' imprisonment based on his prior felony drug conviction [Doc. 231 ¶¶ 1, 3(f)]. Petitioner waived his right to collaterally attack his sentence with exceptions not applicable here [*Id.* ¶ 9(b)].

The presentence investigation report ("PSR") calculated petitioner's offense level as 21, based on the quantity of drugs involved in the offense and petitioner's acceptance of responsibility [Doc. 443 ¶¶ 98–107]. The PSR also calculated a criminal history category of V based on petitioner's 12 criminal history points [*Id.* ¶¶ 119–21]. The PSR accordingly calculated petitioner's guideline range as 70 to 87 months, but, because a statutory mandatory minimum term of 10 years' imprisonment applied, the effective guideline range was 120 months [*Id.* ¶ 138]. On September 13, 2018, the Court sentenced petitioner to the mandatory minimum term of 120 months' imprisonment [Doc. 512]. Petitioner did not appeal. Instead, on November 19, 2021, petitioner filed the instant § 2255 motion [Case No. 3:21-cv-397, Doc. 1].

II. **Standard of Review**

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial

2

or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack[] . . . ." 28 U.S.C. § 2255(b). To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To obtain relief based on a non-constitutional error, the petitioner must demonstrate a "'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

The petitioner has the burden to prove he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). The Court notes that petitioner is acting pro se. "It is . . . well-settled that '[t]he allegations of a pro se habeas petition . . . are entitled to a liberal construction . . . .'" *Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017) (alteration in original). Therefore, the Court will liberally construe petitioner's motion.

### III. Analysis

#### A. Timeliness

In addressing petitioner's § 2255 motion, the Court first finds it appropriate to address the timeliness of petitioner's claim. Petitioner filed his § 2255 motion on November 19, 2021 [Doc. 1].

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations for the filing of a § 2255 motion. 28 U.S.C. § 2255(f). This one-year limitations period commences on the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2255(f)(1)-(4). Under § 2255(f)(1), a judgment of conviction becomes final "upon the expiration of the period in which the [petitioner] could have appealed to the court of appeals[.]" *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004).

Here, this Court entered judgment on September 13, 2018 [Case No. 3:17-cr-91, Doc. 512]. Under Federal Rule of Appellate Procedure 4(b), petitioner had 14 days from the entry of judgment to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A). Accordingly, petitioner had until September 27, 2018, to file a notice of appeal, and, because he did not appeal, his conviction became final on September 28, 2018. Petitioner's § 2255 motion [Doc. 1], filed on November 19, 2021, is therefore untimely under § 2255(f)(1).

4

Accordingly, petitioner's claim may only be considered if it is timely under §§ 2255(f)(2), (f)(3), or (f)(4). Section 2255(f)(2) involves situations where the government created an impediment to filing a claim. 28 U.S.C. § 2255(f)(2). Petitioner does not argue that he was prevented from raising this claim within the one-year AEDPA limitations period by some government action, and, thus, § 2255(f)(2) is inapplicable. Similarly, under § 2255(f)(4), petitioner does not argue that he could not have discovered his claim within the one-year AEDPA limitations period with the exercise of due diligence.

Section 2255(f)(3) permits a claim which is based on a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" to be filed within one year of the date of the Supreme Court's decision. 28 U.S.C. § 2255(f)(3). While petitioner argues that his claim is based on "new case law" [Doc. 1, p. 5], he cites *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019 (en banc), which is a Sixth Circuit decision, not a Supreme Court decision. Furthermore, any right newly recognized by *Havis* has not been made retroactively applicable to cases on collateral review. *See Williamson v. United States*, No. 20-6189, 2021 WL 1545769, at *3 (6th Cir. Apr. 1, 2021) (noting that *Havis*'s holding "has not been recognized by the Supreme Court or made retroactively applicable on collateral review" for purposes of § 2255(f)(3)). Accordingly, petitioner's claim is not timely under § 2255(f)(3).

For these reasons, the Court finds that petitioner's § 2255 motion is barred by the AEDPA limitations period, and, therefore, should be dismissed on this ground. However, for the sake of completeness, the Court will also address the merits of petitioner's claim.

### B. Merits

Petitioner provides a single, conclusory ground for § 2255 relief. Namely, petitioner argues he is entitled to § 2255 relief in light of "new case law," namely, the Sixth Circuit's decision in *Havis*, 927 F.3d 382 [Doc. 1 p. 5]. Petitioner does not explain why *Havis* entitles him to relief [*Id.*].

In *Havis*, the Sixth Circuit, sitting en banc, held that U.S.S.G. § 4B1.2(b)'s definition of a "controlled substance offense" does not include attempt crimes and therefore attempt crimes do not serve as predicate offenses for purposes of the career offender enhancement. 927 F.3d at 387. The Sixth Circuit recognized that § 4B1.2(b) Application Note 1 states that an attempt crime qualifies as a "controlled substance offense." *Id.* at 386 (citing U.S.S.G. § 4B1.2(b) cmt. n.1). However, the Sixth Circuit also noted the plain language of § 4B1.2(b) itself does not include attempt crimes. *Id.* (citing U.S.S.G. § 4B1.2(b)). The Sixth Circuit concluded the Sentencing Commission could not effectively amend the language of § 4B1.2(b) via the commentary, and therefore, the Commission's commentary purporting to alter the definition of a "controlled substance offense" to include attempt crimes deserved no deference. *Id.* at 386–87.

The Court finds that *Havis* does not entitle petitioner to relief for two reasons. First, *Havis* provides no basis for relief in § 2255 proceedings. *Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019) (suggesting that *Havis* provides relief only on direct review); *see also Coleman v. United States*, Nos. 2:19-cv-2092; 2:15-cr-20280, 2022 WL 627033, at *1 n.1 (W.D. Tenn. Mar. 3, 2022) (denying a motion to amend a § 2255 motion to add

6

a *Havis* claim because *Havis* provides no relief on collateral review). Second, *Havis*'s holding relates to enhancements under the career offender provisions of the guidelines. Yet petitioner did not receive the career offender enhancement; rather, his sentence is based on an applicable statutory mandatory minimum [Case No. 3:17-cr-91, Doc. 443 ¶ 104]. Therefore, petitioner's § 2255 motion will be **DENIED**.

## IV. Conclusion

For the foregoing reasons, petitioner is not entitled to relief under 28 U.S.C. § 2255, so his motion to vacate, set aside, or correct his sentence [Doc. 1] will be **DENIED**. Therefore, this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, the Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions, a certificate of appealability **SHALL NOT ISSUE**. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A separate order will enter.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE